IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDDIE JOSEPH BROWN, # 87813**                                                         **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 1:15cv105-HSO-JCG**

**RAYMOND BIRD, RON WOODALL,**                                              **DEFENDANTS**
**APRIL MEGG, WEXFORD HEALTH,**
**CHARMAINE MCCLEAVE, JUSTIN**
**F. WEISS, MARY SCOGGINS,**
**ELISHA BUKER, MUKIDA**
**ARRINGTON, MADISON BREWER,**
**MELANIE BYRD, DANIELLE**
**EUBANKS, K. HARTFIELD,**
**SAMANTHA HOBBY, MITTIE**
**JORDAN, KIMBERLY WILLIAMS,**
**GERALD MCCARTY, JOHNNY W.**
**WELFORD, II, and JESSICA**
**ELBERT-BROWN**

**MEMORANDUM OPINION AND ORDER DISMISSING**
**RON WOODALL, APRIL MEGG, AND WEXFORD HEALTH**

This matter is before the Court *sua sponte*. Pro se Plaintiff Eddie Joseph Brown is incarcerated with the Mississippi Department of Corrections, and he brings this action challenging his conditions of confinement. For the reasons set forth below, Defendants Ron Woodall, April Megg, and Wexford Health will be dismissed.

I. BACKGROUND

Plaintiff Eddie Joseph Brown ("Brown") was convicted of possession of a controlled substance in the Circuit Court of Harrison County, Mississippi, Second Judicial District. *See Brown v. State*, 143 So. 3d 624, 625 (Miss. Ct. App. 2014). He

is currently housed at the South Mississippi Correctional Institution ("SMCI"). Compl. 1 [1]. During the time relevant to this lawsuit, Defendant Raymond Bird ("Bird") was the superintendent of the prison. *Id*. at 5. Defendant Wexford Health provided the medical services at the prison. *Id*. at 6. The remaining Defendants are alleged to be employed by Wexford Health at SMCI. Proposed Am. Compl. 1 [5-2];[1] Mot. to Amend 2 [5]; Compl. 6 [1].

Brown presents medical claims surrounding abdominal and pelvic pains that began in July 2014 and a spider bite he subsequently received. Compl. 7, 10 [1]. With respect to the abdominal and pelvic pains, Brown claims that he first saw Defendant Dr. Ron Woodall ("Dr. Woodall") on July 14, 2014. *Id*. at 7. Dr. Woodall ordered an x-ray and then allegedly prescribed a "cock-tail [sic]" to coat Brown's stomach and some Rolaids. *Id*. The x-ray was performed by Defendant Melicia Boose ("Boose"), and it was read by Defendant Dr. Justin F. Weiss ("Weiss") the next day. Proposed Am. Compl. 2 [5-2]. Brown alleges that the x-ray showed he had two abscesses, one in his chest and one on his liver. *Id*. However, he accuses Boose and Weiss of concealing the true reading of the x-ray. *Id*.

According to the Complaint, two days later, Brown was called to the infirmary, but he could not walk there because the pain was so great. Compl. 7 [1]. Brown had to wait for a wheelchair and was unable to make it to the infirmary until "between 6 and 8 pm." *Id*. Because no doctors or radiologists were on duty

---

[1] On May 8, 2015, Brown sought leave to amend the Complaint and attached a Proposed Amended Complaint [5-2], and the Court granted Brown's request on June 17, 2015. Order 1 [8].

after 5:00 p.m., Brown was turned away without treatment. *Id.* He then turned in medical request forms, which were not answered. *Id.* at 8.

By July 28, 2014, Brown contends he was vomiting. *Id.* Defendant Dr. Charmaine McCleave ("Dr. McCleave") ordered more x-rays and placed Brown on observation in the infirmary. *Id.* The next morning he was sent to Forrest General Hospital, where a CT scan was performed. *Id.* The scan allegedly revealed the abscesses. *Id.* Brown then underwent an operation to remove them. *Id.* at 8-9. While still in the hospital he was also diagnosed with moderately severe gastritis. *Id.* at 9.

Brown claims he was released back to SMCI on August 8, 2014, with prescriptions and also an order to stop taking Zantac. *Id.* Nevertheless, Brown claims it took days for this medicine to come in, and he accuses Dr. Woodall and Dr. McCleave of ignoring the surgeon's orders regarding Zantac and of canceling and altering Brown's pain prescriptions. Proposed Am. Compl. 2 [5-2]. In the ensuing four months, Brown claims to have requested medical attention regarding "pressure in the navel and right rib and lower-side area," to no avail. Compl. 10 [1].

Brown was then allegedly bitten by a spider on December 16, 2014. *Id.* The spider bite caused swelling and rotting in his leg. *Id.* Brown presented this injury to a nurse, but Brown was not seen by a doctor until a week later. *Id.* On December 17, 2014, Brown saw Bird and personally complained to him about the need for medical treatment of the spider bite. *Id.* Bird did not send Brown for

3

treatment but allegedly told him that the medical staff would treat Brown when they could. *Id.* For this, Brown accuses Bird of deliberate indifference and negligence regarding the spider bite. *Id.* at 11.

Brown raises claims under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs and under state law for negligence, medical malpractice, and breach of contract. Besides the Defendants already mentioned, Defendant April Megg ("Megg"), a nurse at the infirmary, is sued for not providing "responsible medical staff members to care and provide proper medical attention to the inmates 24 hours[,] 7 days a week." *Id.* at 12. The remaining Defendants are other infirmary nurses, sued for allegedly ignoring and delaying Brown's requests for medical attention. Pl.'s Resp. 3 [9]; Proposed Am. Compl. 3 [5-2].

This is not the first time Brown raises claims regarding the abscesses. In *Brown v. Megg*, No. 1:14cv377-RHW (S.D. Miss. Oct. 2, 2014), currently pending in the Southern District of Mississippi, Brown sues Woodall, Megg, and Wexford Health for identical claims arising from the same illness. That case was filed prior to the instant action and is still pending in this Court.

## II. <u>DISCUSSION</u>

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

4

from such relief." 28 U.S.C. § 1915(e)(2)(B).  This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).  "[I]n an action proceeding under Section 1915[, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised. . . ." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id*.  Because the Court has permitted Brown to proceed *in forma pauperis*, the Complaint is subject to the provisions allowing for *sua sponte* dismissal under section 1915.

Brown presses the identical claims against Woodall, Megg, and Wexford Health that he is pursuing in *Megg*.  It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  The Court finds the claims against these three Defendants are duplicative and malicious and should be dismissed.  This dismissal is without prejudice to the prior pending lawsuit and is with prejudice in all other respects.  *Id*.

### III. CONCLUSION

Based on the foregoing, the claims against Ron Woodall, April Megg, and Wexford Health are dismissed as duplicative and malicious. These three Defendants will be dismissed, and Brown is assessed a strike pursuant to section 1915(g).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the claims against Defendants Ron Woodall, April Megg, and Wexford Health are dismissed as malicious. They are dismissed **WITHOUT PREJUDICE** to the prior lawsuit of *Brown v. Megg*, No 1:14cv377-RHW (S.D. Miss. Oct. 2, 2014), which is currently pending in this Court, and are dismissed **WITH PREJUDICE** in all other respects. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 16th day of July, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE