# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**EDDIE JOSEPH BROWN**                                                             **PLAINTIFF**

**v.**                                                      **CAUSE NO. 1:15-cv-105-HSO-JCG**

**RAYMOND BYRD, ET AL.**                                            **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court *sua sponte* following the Court's Order requiring briefing. (ECF No. 42, at 2). Plaintiff Eddie Joseph Brown is a postconviction inmate in the custody of the Mississippi Department of Corrections, who is proceeding *pro se* and *in forma pauperis*. Plaintiff has advanced the same medical claims in two cases against parties that are identical or in privity. A Final Judgment adverse to Plaintiff was entered on September 24, 2015, in *Brown v. Megg,* 1:14-cv-377-RHW (S.D. Miss. ) and remains unmodified. The undersigned recommends that this case be dismissed with prejudice because Plaintiff's claims are barred by *res judicata*. Plaintiff's suit should also be dismissed under the authority of 28 U.S.C. §1915(e)(2)(B)(i) because it is malicious.

## BACKGROUND

Plaintiff Eddie Joseph Brown was convicted in 2012 of possession of a controlled substance in the Circuit Court of Harrison County, Mississippi, Second Judicial District. *See Brown v. State*, 143 So. 3d 624, 625 (Miss. Ct. App. 2014). Currently, and at all times relevant to this suit, Plaintiff has been housed at the South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI").

Plaintiff initially filed suit on October 2, 2014, against Defendants Wexford Health, the medical services provider at SMCI during the relevant time period; April Megg, a Wexford Health director of nursing and site manager at SMCI; and Ron Woodall, a doctor with Wexford Health. *See Brown v. Megg,* Cause Number 1:14-cv-377-RHW (S.D. Miss. ) ("*Megg*"). In *Megg*, Plaintiff advanced claims under 42 U.S.C. § 1983, alleging that he received constitutionally inadequate medical care for an ulcer that required surgery.

While *Megg* was pending, Plaintiff filed this suit on March 30, 2015, again naming Wexford Health, Megg, and Dr. Woodall as Defendants, and also naming numerous new defendants. Defendants believe that Plaintiff reviewed the medical records he received during discovery in *Megg* and then amended his Complaint in this suit to name every doctor, nurse, or other medical provider whose names appear in those records. (ECF No. 47, at 1).[1]

On July 16, 2015, Wexford Health, Dr. Woodall, and Megg were dismissed from this suit with prejudice because the claims against them were duplicative of those in *Megg* and deemed malicious. (ECF No. 11, at 5). Plaintiff was assessed a

---

[1] Wexford Health, Megg, Dr. Woodall, and prison superintendent Raymond Byrd were named as Defendants in Plaintiff's initial Complaint, as well as Jane and John Does. On May 8, 2015, Plaintiff filed a Motion for Leave to File an Amended Complaint. (ECF No. 5). The Court granted the Motion to Amend and, in place of Jane and John Does, substituted Dr. Charmaine McCleave, Melicia Boose, Dr. Justine F. Weiss, Mary Scoggins, Elisha Buker, Mukida Arrington, Madison Brewer, Melanie Byrd, Danielle Eubanks, K. Hartfield, Samantha Hobby, Mittie Jordan, Kimberly Williams, Gerald McCarty, Johnny W. Welford, II, and Jessica Elbert-Brown. (ECF No. 8).

strike under 28 U.S.C. § 1915(g).

On August 24, 2015, Plaintiff filed a Motion for Permissive Joinder in *Megg,* seeking to amend his Complaint to add fourteen defendants, all of whom are Defendants in this suit. (ECF No. 68, Civil Action No. 1:14-cv-377-RHW). United States Magistrate Judge Robert H. Walker denied Plaintiff's Motion for Permissive Joinder because it was filed approximately seven months after the deadline for amendments to the pleadings. (ECF No. 71, Civil Action No. 1:14-cv-377-RHW).

On September 24, 2015, Judge Walker granted summary judgment for Defendants in *Megg.* (ECF No. 72 in 1:14-cv-377-RHW). Judge Walker reviewed the summary judgment evidence, including Plaintiff's medical records, and determined that Plaintiff received prompt attention and treatment for his abdominal pain that was ultimately determined to be an ulcer requiring surgery. Judge Walker held that "[t]he mere fact that Brown felt he should have received a different diagnosis and course of treatment from Dr. Woodall does not equate to deliberate indifference." *Id.* at 4. Plaintiff's claims were dismissed with prejudice, and he was assessed a strike under 28 U.S.C. § 1915(g). *Id.* at 7. Plaintiff appealed the decision in *Megg*, and his appeal remains pending in USCA Case No. 15-60706.

In this suit, on March 16, 2016, Plaintiff filed a Motion for Voluntary Dismissal of eight Defendants.[2] (ECF No. 60). The Motion was granted. (ECF No.

---

[2]The eight Defendants were Byrd, Weiss, Arrington, Brewer, Elbert-Brown, Eubanks, Buker, and Jordan. (ECF No. 60).

62). There are nine remaining Defendants.[3]

## DISCUSSION

A.     Dismissal Pursuant to 28 U.S.C. §§ 1915 and 1915A

28 U.S.C. § 1915(a) authorizes courts to allow indigent litigants to proceed *in forma pauperis* without prepaying the administrative costs associated with filing a civil action. 28 U.S.C. § 1915(a). The statute protects against abuses of this privilege by allowing a district court to dismiss a case "at any time if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

When "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court is required to "screen" the complaint. 28 U.S.C. § 1915A(a). Screening entails identifying cognizable claims and dismissing "the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

If a prisoner is proceeding *in forma pauperis*, and his complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the prisoner may be assessed a strike. 28 U.S.C. § 1915(g). If a prisoner receives three strikes, he may

---

[3]The nine remaining Defendants are Dr. McCleave, Boose, Scoggins, M. Byrd, Hartfield, Hobby, Williams, McCarty, and Welford.

no longer proceed *in forma pauperis* unless "the prisoner is under imminent danger of serious physical injury." *Id.*

B.     Plaintiff's Claims are Barred By *Res Judicata*

"[P]auper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata.*" *Pittman v. Moore,* 980 F.2d 994, 994 (5th Cir. 1993). To determine the preclusive effect of a prior federal court judgment, federal courts apply federal common law. *Comer v. Murphy Oil USA, Inc.,* 718 F. 3d 460, 467 n.8 (5th Cir. 2013). Where there has been "a final judgment on the merits of an action," true *res judicata*, or claim preclusion, "precludes the parties or their privies from relitigating issues that were or could have been raised in the first action." *Id.* at 467. "[E]ven if the second suit is for a different cause of action, the right, question, or fact, once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." *Landmark Land Co. v. Office of Thrift Supervision,* 990 F.2d 807, 811 (5th Cir. 1993). "[A] case pending appeal is *res judicata* and entitled to full faith and credit unless and until reversed on appeal." *Comer,* 718 F.3d at 467.

The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Petro-Hunt, LLC v. United States,* 365 F.3d 385, 395 (5th Cir. 2004).

*Res judicata* bars Plaintiff's claims. This suit arises from the same nucleus of operative facts as those in *Megg*. In *Megg*, Plaintiff challenged the adequacy of medical treatment for an ulcer that required surgery. In this case, Plaintiff challenges the same medical treatment, albeit against different Wexford Health defendants. The remaining Defendants are in privity for *res judicata* purposes with the *Megg* Defendants because their interests are so closely aligned that the *Megg* Defendants adequately represented Defendants' interests during the first suit. *Dilworth v. Vance,* 95 F.3d 50, 1996 WL 457425, *1-2 (5th Cir. 1996); *Eubanks v. F.D.I.C.,* 977 F.2d 166, 170 (5th Cir. 1992); *McCoy v. Blossom,* Civil Action No. 09-cv-2146, 2014 WL 1120346, *4 (W.D. La. Mar. 20, 2014); *Manton v. Strain,* 2012 WL 6673073, *3-4 (E.D. La. Dec. 20, 2012).

Plaintiff had a full and fair opportunity in *Megg* to assert all claims arising from his ulcer treatment and surgery. There are no special circumstances that warrant denying the benefit of claim preclusion to the new Defendants. "One of the aims of *res judicata* is to avoid the inefficiencies of the splitting of claims and serial litigation regarding the same incidents. Its application will serve those aims." *McCoy,* 2014 WL 1120346 at *4.

C.   <u>Plaintiff's Suit Should Be Dismissed as Malicious</u>

A separate and distinct basis for dismissal comes from the Court's discretion to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(i) that is duplicative litigation. "[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman,* 980 F.2d at 994.

In *Bailey v. Johnson,* the Fifth Circuit Court of Appeals affirmed dismissal of a second suit by a pauper prisoner, finding it duplicative. 846 F.2d 1019 (5th Cir. 2010). The prisoner first brought a civil rights action against several Texas Department of Corrections directors, administrative officials, and medical doctors, alleging inadequate medical treatment. Over a year later, the prisoner filed a second suit "repeat[ing] the same factual allegations that he asserted in his earlier case, although he successively sued different defendants." *Id.* at 1021. The Fifth Circuit affirmed dismissal of the second suit, noting that the Court's power of dismissal in *in forma pauperis* cases under 28 U.S.C. § 1915 is broader than in other civil cases under the Federal Rules of Civil Procedure. *Id.*; *see also Lee v. Wexford Health Source, Inc.,* No. 4:12-cv-114-MPM-DAS, 2013 WL 623254, *2 (N.D. Miss. Jan. 28, 2013)(dismissing duplicative prisoner suit citing *Bailey,* 846 F.2d at 1021).

The Second Circuit Court of Appeals affirmed the dismissal of a prisoner's second suit when the two suits alleged that prison officials assaulted the plaintiff in retaliation for filing lawsuits, denied him medical care, and discriminated against him based on race. *Barclay v. Lowe,* 131 F. App'x 778 (2d Cir. 2005). The *Barclay* plaintiff named different defendants in the second suit, but the suits were found duplicative nonetheless because all defendants in both suits were employees of the same prison. *Id.* at 179; *see also Digennaro v. Whitehair,* 467 F. App'x 42 (2d Cir. 2012) (affirming dismissal of duplicative suit despite addition of new defendant where all defendants were employees of the same municipality).

Plaintiff has abused the litigation process by filing duplicative suits, "with the resulting effect of burdening the Court's already heavy caseload and obstructing the application of justice in more meritorious causes." *Hill v. Estelle,* 423 F. Supp. 690 (S.D. Tex. 1976). While incarcerated, Plaintiff has filed seven civil rights actions.[4] All seven were filed in the span of one year and seven months. The substantially identical nature of this suit with *Megg* warrants the Court dismissing this suit under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

Plaintiff has already received a strike in this action. He received a strike in *Megg*. If Plaintiff receives a third strike, he may no longer proceed *in forma pauperis*, with limited exception.

## RECOMMENDATION

It is recommended that this case be dismissed with prejudice because

---

[4]*Brown v. Megg*, 1:14-cv-377-RHW. Filed 10/2/2014. Final Judgment in favor of Defendants and strike issued 9/24/2015. Appeal pending in USCA Case No. 15-60706.

*Brown v. Wexford Health,* 1:14-cv-442. Filed 12/9/2014. Dismissed without prejudice for failure to abide by Court orders on 6/2/15.

*Brown v. Byrd,* 1:15cv105-HSO-JCG. This suit.

*Brown v. Byrd,* 1:15cv132-HSO-JCG. Filed 4/22/2015. Voluntarily dismissed without prejudice on 11/2/15.

*Brown v. Banks,* 1:15-cv-212-RHW. Filed 7/2/15. Pending

*Brown v. Fisher,* 1:15-cv-373-LG-RHW. Filed 11/9/15. Pending.

*Brown v. Lyons,* 1:16-cv-145-HSO-RHW. Filed 4/28/2016. Pending.

Plaintiff's claims are barred *res judicata* and this suit is malicious under 28 U.S.C. § 1915(e)(2)(B)(i). Defendant Gerald McCarty's Motion to Dismiss [55], based on alleged ineffective service of process, may be denied as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 22nd day of June, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE