IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EDDIE JOSEPH BROWN**                                                                 **PLAINTIFF**

v.                                                                    Civil No. 1:15cv105-HSO-JCG

**RAYMOND BYRD, ET AL.**                                                          **DEFENDANTS**

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [63], DENYING AS MOOT GERALD MCCARTY'S MOTION TO DISMISS [55], AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

This matter is before the Court on United States Magistrate Judge John C. Gargiulo's Report and Recommendation [63], entered June 22, 2016. After due consideration of the Report and Recommendation, the record, and relevant legal authority, and for the reasons discussed below, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, that Defendant Gerald McCarty's Motion to Dismiss [55] should be denied as moot, and that Plaintiff Eddie Joseph Brown's claims against the remaining Defendants should be dismissed with prejudice.

I. BACKGROUND

A.   Factual and Procedural Background

On March 30, 2015, Plaintiff Eddie Joseph Bowen ("Plaintiff") filed his Complaint [1], naming Defendants Raymond Byrd, April Megg, Wexford Health, Ron

Woodall, and Jane and John Does.[1] On June 17, 2015, United States Magistrate Judge John C. Gargiulo entered an Order [8] granting Plaintiff's Motion to Amend his Complaint [5] and directing the Clerk of Court to

> substitute Dr. Charmaine McCleave, Melicia Boose, Dr. Justine F. Weiss, Mary Scoggins, Elisha Buker, Mukida Arrington, Madison Brewer, Melanie Byrd, Danielle Eubanks, K. Hartfield, Samantha Hobby, Mittie Jordan, Kimberly Williams, Gerald McCarty, Johnny W. Welford, II, and Jessica Elbert-Brown for Defendants Jane and John Does.

Order [8] at 1-2.

On July 14, 2015, Magistrate Judge Gargiulo entered an Order [10] directing the Clerk to correct the docket to reflect that Defendant Weiss is Defendant Dr. Justin F. Weiss, and not Justine Weiss.

On July 16, 2015, the Court entered a Memorandum Opinion and Order [11] dismissing Plaintiff's claims against Defendants Ron Woodall, April Megg, and Wexford Health as duplicative and malicious, without prejudice to Plaintiff's claims against them in an earlier filed lawsuit styled *Brown v. Megg*, No 1:14cv377-RHW (S.D. Miss. [filed on] Oct. 2, 2014), which was then pending, and dismissing Plaintiff's claims against Defendants Ron Woodall, April Megg, and Wexford Health with prejudice in all other respects. Order [11] at 4-6.

Magistrate Judge Gargiulo's December 2, 2015, Text Only Order found that Defendant Justin F. Weiss had neither been served nor entered an appearance in this case. On January 8, 2016, Defendant Gerald McCarty filed his Motion to

---

[1] Plaintiff originally identified Defendant as Robert "Bird." His name was subsequently amended to "Robert Byrd."

Dismiss [55] asserting that he had not been properly served with a summons and copy of the Complaint, because service of process had been made on his employer. *See* Summons Returned [43] at 26-30.

On March 18, 2016, the Magistrate Judge entered an Order [62] granting Plaintiff Eddie Joseph Brown's Motion for Voluntary Dismissal [60] and dismissed without prejudice Plaintiff's claims against Defendants Raymond Byrd, Justin F. Weiss, Mukida Arrington, Madison Brewer, Jessica Elbert-Brown, Danielle Eubanks, Elisha Buker, and Mittie Jordan.

B.  <u>The Magistrate Judge's Order [42] requiring briefing on the effect of Magistrate Judge Robert H. Walker's Memorandum Opinion and Order [72] and Final Judgment [73] dismissing with prejudice Plaintiff's Complaint in Civil Action No. 1:14cv377-RHW, styled "Eddie Joseph Brown v. April Megg, et al."</u>

On October 5, 2015, the Magistrate Judge entered an Order [42] denying Defendant Mukida Arrington's Motion to Consolidate [20] this case with the *Megg* case, and denying as moot Plaintiff's Motion for Permissive Joinder of [Fourteen] Defendants [33] to the *Megg* case.  Order [42] at 1-2.  The Order also required the parties to file briefs stating their position on what effect Magistrate Judge Walker's dismissal with prejudice of Plaintiff's Complaint in *Megg* had on the current case. Order [42] at 1-2.

On October 23, 2015, Defendants Charmine McCleave, Melissa Boose, Mary Scoggins, Elisha Buker, Mukida Arrington, Madison Brewer, Melanie Byrd, Danielle Eubanks, K. Hartfield, Samantha Hobby, Mittie Jordan, Kimberly Williams, Johnny

3

Welford, II, and Jessica Elbert-Brown ("Wexford Defendants"[2]) filed a Response [47] alleging that the medical claims Plaintiff was asserting against them in this case should be dismissed based upon Magistrate Judge Walker's dismissal of Plaintiff's medical claims in *Megg*, in that the claims were barred by res judicata or claim preclusion.  Wexford Defendants Resp. [47] at 1-3.  On October 26, 2015, Defendant Raymond Byrd filed his Response [49] joining the Wexford Defendants' Response and asserting that Plaintiff's claims were barred by res judicata.  Byrd Resp. [49] at 1.

Plaintiff filed Declarations in Opposition [50] [51] to both the Wexford Defendants' and Defendant Byrd's Responses, contending that the claims he was asserting in the current litigation involved medical treatment that was distinguishable from the medical treatment claims in the *Megg* case.  Decl. [50] at 1-3; Decl. [51] at 1-3.

C.  The Magistrate Judge's Report and Recommendation [63]

On June 22, 2016, Magistrate Judge Gargiulo entered his Report and Recommendation [63], recommending that the claims against the remaining Defendants, Charmine McCleave, Melissa Boose, Mary Scoggins, Melanie Byrd, K. Hartfield, Samantha Hobby, Kimberly Williams, Gerald McCarty, and Johnny

---

[2]  Subsequent to Defendants' Response [47], Plaintiff's claims against Wexford employee Defendants Justin F. Weiss, Mukida Arrington, Madison Brewer, Jessica Elbert-Brown, Danielle Eubanks, Elisha Buker, and Mittie Jordan were dismissed pursuant to Magistrate Judge Gargiulo's Order [62].  Robert Byrd was also dismissed by the Order [62].

Welford, II, be dismissed with prejudice because Plaintiff's claims were bared by res judicata or claim preclusion in that the claims asserted in the current litigation arose from the same "nucleus of operative facts" concerning Plaintiff's "medical care" that was previously litigated by Plaintiff in Civil Action No. 1:14cv377-RHW, styled "Eddie Joseph Brown v. April Megg, et al." R. & R. [63] at 1, 5-6.  Magistrate Judge Gargiulo further found that, although the remaining Defendants in this case were not identical to the Defendants in the *Megg* case, the "remaining Defendants [in the current case] are in privity for *res judicata* purposes with the *Megg* Defendants because their interests are so closely aligned that the *Megg* Defendants adequately represented Defendants' interests during the first suit." R. & R. [63] at 6.  Likewise, Plaintiff "had a full and fair opportunity in *Megg* to assert all claims arising from his ulcer treatment and surgery." R. & R. [63] at 6.

The Magistrate Judge also found that a separate and distinct basis for dismissal of this current case arose out of a court's discretion to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(i) that constitutes duplicative litigation.  R. & R. [63] at 6-8.  "[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  R. & R. [63] at 6-8.

A copy of the Report and Recommendation [63] was mailed to Plaintiff at his last known address by certified mail, return receipt requested, and the undated Acknowledgment of Receipt [64], executed by Plaintiff, was docketed by the Clerk on

June 29, 2016. To date, no objection to the Report and Recommendation has been filed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court concludes that Magistrate Judge Gargiulo's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.

Even if the Court were to conduct a de novo review, dismissal of Plaintiff's claims is warranted. The Court concludes that Plaintiff's claims are barred by res judicata because Plaintiff's claims against Defendants in the current litigation arose out of the same medical treatment Plaintiff previously litigated in *Megg*.

> The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

R & R [63] at 5.

The Court finds all of these elements satisfied based upon the record in this case. The Court will therefore adopt the Magistrate Judge's Report and

6

Recommendation. Defendant Gerald McCarty's Motion to Dismiss [55] will be denied as moot. Plaintiff's claims against Defendants Charmine McCleave, Melissa Boose, Mary Scoggins, Melanie Byrd, K. Hartfield, Samantha Hobby, Kimberly Williams, Gerald McCarty, and Johnny Welford, II, will be dismissed with prejudice as barred by res judicata, and further on grounds that they are duplicative and malicious. Plaintiff will be assessed a strike pursuant to 28 U.S.C. § 1915(g).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the Magistrate Judge's Report and Recommendation [63] is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Gerald McCarty's Motion to Dismiss [55] is **DENIED** as **MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's claims against Defendants Charmine McCleave, Melissa Boose, Mary Scoggins, Melanie Byrd, K. Hartfield, Samantha Hobby, Kimberly Williams, Gerald McCarty, and Johnny Welford, II, are **DISMISSED WITH PREJUDICE** as barred by res judicata and as duplicative and malicious, and Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g).

**SO ORDERED AND ADJUDGED**, this the 27th day of July, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE